White, J.
The judgment of the district court is sought to be reversed on one of two grounds: - '
1. That the matter set up in the fourth reply is not sufficient, in law, to overcome the defense contained in the answer.
2. If the fourth reply should be held sufficient, that the ruling of -the court in sustaining the demurrer to it can not be re-examined cn error, because of the findings of the court on the issues joined by the first and fifth replies.
The first proposition, in' our opinion, can not be maintained. The facts set up in the reply brought the bill of exchange, on which the bank sought to retain the money, within the principle decided in the case of Clinton Bank of Columbus, for the use of Rhodes, v. Ayres & Neil, 16 Ohio, 282; and if the facts were true, the bill imposed no obligation on the surety.
In that case it was held, that where a note made payable to a bank, and signed by a surety, is presented to the bank fordiseount, which is refused, and it is afterward discounted by a third person, without the knowledge of the surety, no action will lie at the suit •of the bank (for the use of the persons discounting the noto) against the surety.
It is very clear that Rhodes, for whose use the suit was brought, ■could not have maintained an action on the note in his own name; and it is equally clear, that if he had acquired a beneficial interest in the note as against the surety, the action would have been upheld for his benefit. His right to maintain the action in the name of the *363 bank against Ayres, the principal, from whom he had obtained the note for value, is distinctly recognized.
The principle of the ease is, that the misuse of the note was such as to discharge the non-assenting surety, but that the principal, 863] who received the benefit of the considcratioii ^arising frum the use made of the note, was estopped from questioning its validity -
From the principle of this case we are not inclined to depart. It gives the surety no more than he stipulated for; less than this ought not to be allowed him.
On the bill of exchange now in question, it appears, from the fourth reply, that the plaintiff below, David Lloyd, was a surety (being an accommodation drawer) for Stephen and Morgan Doty ; that the bill was drawn May 23,1855, payable to the Knox County Bank, for the purpose of being discounted at that bank, and not elsewhere; that after discount had been refused by the bank, and on the day of the date of the bill, it was purchased of one of the principals by Eamsey & Co., private bankers, at a much higher rate of discount than was allowable to the bank; and that aftérward, and within a few days of its maturity, the bank, with notice that Lloyd was a surety, purchased the bill of Eamsey & Co., who assigned the same to the bank.
It thus appears that Eamsey & Co., who were strangers to the the bill, with full notice on its face that it was intended for discount at the bank, consummated an arrangement for its purchase on their own account. Whatever rights this may have given them against the principals, it gave them none against the surety; and, upon the principle of the case referred to, they could, in no event, cither directly or through the bank, have charged Lloyd with its payment. And as the purchase by the bank from Eamsey & Co. was with notice, it can occupy no better position.
It is true this case differs from that of The Clinton Bank v. Ayres et al., in the fact that here the bank had acquired an interest in the bill; but we do not regard this fact, under the circumstances, as affecting the liability of the surety. The bank had refused to discount the bill as contemplated by the drawers. When it did so for Eamsey & Co., the surety was no party to the arrangement, and no new liability was thereby imposed on him. ' ■
The rule was designed for the protection of sureties, and, if it could thus easily be evaded, its object would, in a great measure, be defeated.
*364, 365 *It is also claimed that the facts stated in the reply do not [364 constitute matter proper for a reply, but for a new cause of action -
We think otherwise. The petition seeks to recover back money involuntarily paid. The defendant, the bank, sets up facts showing its right to retain the money in payment of the bill of exchange-in question. The reply shows the plaintiff is not liable on the bill. This is clearly matter in avoidance of the new matter set up in-defense.
The remaining question is, whether the error in sustaining the demurrer to this reply, lays the foundation for reversing the judgment.
This depends upon whether the facts set up in the reply were-available to the plaintiff below, in evidence, on the issues of fact, which were tried and found against him. He claims that no evidence was in fact offered, under these issues, to prove the facts set up in the reply to which the demurrer had been sustained, for the-reason that they had been previously adjudged by the court insufficient, on the demurrer.
We think, however, he must be presumed to have given evidence-of all the facts it was competent for him to prove under the issues, and that the finding was properly against him; or, that he abandoned the right to give the evidence, which would have the same effect.
But, in our opinion, it was not competent to prove the special matter in question under the issues of fact upon which the case-was finally disposed of. These issues were raised by the first and fifth replies. Neither of these replies set up new matter. The first, so far as its allegations were material, in effect, consisted of denials of the new matter contained in the answer. By it the plaintiff denies: 1. That the bank, at any time, was the legal owner and holder of the bill; 2. That the bank, at any time, discounted the bill for either of the makers thereof, or with the knowledge or consent of the plaintiff; 3. That there was, on the 24th of September, 1855, anything due the bank on the bill from the plaintiff.
The last is not a material or substantive allegation. It is the-denial of a mere conclusion, or the statement of a conclusion drawn from the preceding denials of fact.
*The first of the above allegations only puts in issue the [365 title of the bank to the bill. True, the legal ownership of the bill *365 by the bank is denied; but the operation of the averment without the term legal, would have been the same as with it. The bank, in ■its answer, had alleged itself to be the owner of the bill, and the ■effect of this averment was to deny that fact.
The third allegation denied that the bank discounted the bill for either of the drawers, or with the knowledge or assent of the plaintiff. .
If they were all principals the effect of this allegation, like the .preceding one, would seem to be to put in issue the title of the bank to the bill. The fact that the plaintiff was a surety is not stated. This is a material and issuable fact, upon proof of which ■the discharge of the plaintiff from liability on the bill depended; .and the fact not being averred, the plaintiff would have had no right to prove it under this reply.
What is called the fifth reply, like an allegation in the first .reply, already noticed, merely denied that anything was due the bank on the bill set up in the answer. It neither denied a material fact stated in the answer, nor set up any new matter by way of .avoidance; and it might well have been stricken from the files as of no legal significance. It was the statement of a mere legal conclusion, embodying no matter of fact. To tolerate and give • effect to this form of- allegation as a pleading, would defeat one of the beneficial objects of the code, which aims to narrow issues of fact to such matters as the parties, on their oaths, can deny. But ■if on error, as it was allowed to remain on file, effect is presumed to have been given to it, on the trial, as a pleading, yet in no view could it have been considered as setting up new matter. The utmost effect that could have been allowed to it was that of ■traversing the facts alleged in the answer.

Judgment of district court affirmed.

Day, C. J., and Brinkerhoff, Scott, and Welch, JJ., concurred.